UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MEGHAN NEWELL, | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: |
| | ) | |
| LANDMARK RECOVERY OF LOUISVILLE, LLC, | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Meghan Newell ("Newell"), brings her Complaint against Defendant, Landmark Recovery of Louisville, LLC ("Defendant"), for its discriminatory actions towards her based on her gender – female and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII").

### II. Parties

2. Newell is a citizen of the United States and has resided within the State of Tennessee at all relevant times hereto.

3. Defendant is a limited liability corporation that is located and conducts business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Newell, at all times relevant hereto, was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Newell satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2022-02884 alleging discrimination based on her gender and retaliation. Newell received her Notice of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

## IV. Factual Allegations

9. Newell, who is female, was hired by the Defendant on or about April 4, 2022, as the Executive Assistant to the Defendant's Chief Executive Officer, Matt Boyle ("Matt"), and the Defendant's Chairman, Cliff Boyle ("Cliff").

10. At all times relevant, Newell met or exceeded the Defendant's legitimate performance expectations.

11. In or about July 2022, the Defendant required Newell to take on additional job duties due to a female co-worker's position being eliminated.

12. Two of Newell's male co-workers had recently received raises. As such, on July 10, 2022, Newell emailed Matt requesting a raise concomitant with her additional job duties.

13. Matt sent a hostile, discriminatory, and completely unprofessional email back to Newell.

14. Newell asked Matt to meet and discuss the issue. Matt responded – "I have nothing to say to you."

15. On July 13, 2022, Newell engaged in protected activity and complained of gender discrimination by Matt to Defendant's Human Resources Department. Specifically, Newell complained that 2 male co-workers had received raises prior to her bringing the issue to Matt, another male received a raise thereafter, and her belief that Matt's response was hostile due to her gender.

16. On August 3, 2022, Newell was informed that she was being demoted to Senior Process Designer and her annual salary was being reduced by $20,000.

17. Newell was told that she was being "transferred" to another position because her position had been eliminated.

18. However, her job duties were transferred to other employees.

19. On August 3, 2022, Newell's legal counsel sent a letter, via email, to Defendant's Human Resources Manager, Matt, and Cliff outlining the Defendant's discriminatory actions in violation of Title VII.

20. On August 5, 2022, Newell was terminated from her employment with the Defendant.

21. Newell was purportedly terminated by the Defendant due to her position being eliminated.

22. Newell was denied a raise, demoted, and discharged based on her gender and/or retaliated against for engaging in a protected activity.

### V. Causes of Action

### Count I. Title VII Gender Discrimination Claim

23. Newell hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint.

24. Newell was denied a raise, demoted, and discharged based on her gender.

25. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

26. Defendant's actions were willful, intentional, and done with reckless disregard for Newell's civil rights.

27. Newell has suffered injury because of Defendant's unlawful actions.

## Count II. Title VII Retaliation Claim

28. Newell hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Newell demoted and discharged in retaliation for engaging in a protected activity.

30. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

31. Defendant's actions were willful, intentional, and done with reckless disregard for Newell's civil rights.

32. Newell has suffered injury because of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Meghan Newell, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender or retaliation for engaging in a protected activity;

2. Order diversity training for all of Defendant's Management personnel;

3. Reinstate Plaintiff to her former position with corresponding seniority, shift, pay and benefits or award front pay in lieu thereof;

4. Order that the Plaintiff be awarded lost wages, including fringe benefits, lost holiday and overtime, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

5. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

6. Award the Plaintiff punitive damages;

7. Award the Plaintiff her attorney's fees, litigation expenses, and costs incurred as a result of this action;

8. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and,

9. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

/s/*Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff, Meghan Newell, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                Respectfully submitted,

                */s/Kyle F. Biesecker*
                Kyle F. Biesecker, Attorney No. 28872
                BIESECKER DUTKANYCH & MACER, LLC
                3200 West End Avenue, Suite 500
                Nashville, Tennessee 37203
                Telephone:   (615) 783-2171
                Facsimile:    (812) 424-1005
                E-Mail:       kfb@bdlegal.com

                *Attorneys for Plaintiff*