IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MEGHAN NEWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:23-cv-00974 JUDGE RICHARDSON |
| LANDMARK RECOVERY OF LOUISVILLE, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Pending before the Court is "Plaintiff's Motion to Enforce Settlement Agreement" (Doc. No. 33, "Motion") supported by an accompanying memorandum (Doc. No. 34, "Memorandum") The Motion attaches a copy of the parties' settlement agreement (Doc. No. 33-1, "Settlement Agreement" or "Parties' Agreement") and a declaration of Plaintiff's counsel. Via the Motion, Plaintiff requests that the Court "order Defendant to comply with the terms of the Parties' Agreement, [and] award to Plaintiff her costs and attorney's fees." (Doc. No. 33 at 1).

In the Memorandum, Plaintiff sets forth the following recounting of the relevant facts and procedural history, which are adopted by the Court because they are undisputed by Defendant and are either affirmatively supported by or at least consistent with the record:

> Plaintiff filed her Complaint and Demand for Jury Trial on September 12, 2023 (Dkt. No. 1). On October 29, 2024, the Parties filed a Joint Notice of Settlement and informed the Court that they would file a stipulation of dismissal within sixty (60) days (Dkt. No. 26). On December 30, 2024, the Parties filed a Joint Status Report notifying the Court that per the agreement of the Parties, the settlement payments were to be made on January 5, 2025, and February 5, 2025 and that dismissal would follow after those dates (Dkt. No.28).
>
> Plaintiff signed the Parties' Agreement on or about January 3, 2025 and the undersigned transmitted the signed Agreement to counsel for Defendant on the same date. [See Exhibit A, Parties' Settlement Agreement and General Release]

> Per the plain terms of the Agreement, Defendant was required to make two separate payments of $6,000 each (split three ways) on January 6, 2025 and February 5, 2025. Following those payments, the Parties agreed that they would tender a Stipulation of Dismissal with Prejudice. To date, Defendant has failed to make the agreed upon settlement payments and has provided no reason for its noncompliance. As of today's date, Plaintiff has not been notified of any pending bankruptcy petition by the Defendant, either.
>
> On February 20, 2025, the Parties, by counsel, participated in a status conference with Magistrate Judge Holmes wherein Defendant's counsel confirmed that Defendant had not made any payment per the terms of the Agreement. Defendant does not dispute, however, that an agreement was reached between the Parties (See Dkt. No. 32). Additionally, Defendant is covered by an insurance policy that covers the claims at issue through Federal Insurance Company, AON Private Risk Management (GNY), 13901 Sutton Park S C360, Jacksonville, FL 32224-0000, under policy number 8262-7209, which has a maximum aggregate limit of $1,000,000.

(Doc. No. 34 at 1-2). Based on this, Plaintiff requests that the Court "compel the Defendant, or its insurer, up to its policy limits, to comply with the Agreement." (*Id.* at 2). Plaintiff also requests that this Court award her additional attorney's fees in the amount of $1897.50, the amount that (according to her counsel's declaration) she incurred in additional attorney's fees in connection with preparing the instant Motion. (*Id.* at *3*). In support of the request for attorney's fees, she calls upon the Court's "supervisory power to regulate the conduct of attorneys and parties before it, which may include awarding attorney fees." (*Id.*) (quoting *Jaynes v. Austin*, 20 Fed. Appx. 421 (6th Cir. 2001)).

Defendant filed a response (Doc. No. 35, "Response"), which stated in its entirety:

> COMES NOW, Defendant Landmark Recovery of Louisville, and respectfully submits this response to Plaintiff Meghan Newell's Motion to Enforce Settlement Agreement. Defendant has not fulfilled its payment obligations under the settlement agreement as it lacks the funds to do so.
>
> Defendant opposes Plaintiff's prayer for an award of attorney's fees on the grounds that there is no basis for awarding these fees under the settlement agreement. Defendant further opposes such an award given that a breach of contact claim is a common law claim and there is no provision in the law that would warrant the award of fees. See, e.g., *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336,

338 (Tenn. 1985) ("We continue to adhere to the rule in Tennessee that attorneys' fees are not recoverable in the absence of a statute or contract specifically providing for such recovery").

WHEREFORE, Defendant respectfully requests that this Court dismiss [sic] Plaintiff's Motion to Enforce Settlement Agreement.

(Doc. No. 35) In short, while the Response provided a heretofore missing explanation (i.e., inability to pay) for not paying as required by the Settlement Agreement and requests that the Court "dismiss" the Motion—a dismissal for which there would be no basis—Defendant neither suggests grounds for denying the request to enforce the Settlement Agreement nor even contests the merits of granting the Motion with respect to the enforcement of the Settlement Agreement. For this reason, and because the request is otherwise well-taken, the Motion is granted with respect to the request to enforcement the Settlement Agreement.

That leads to the question of *how* the Court should enforce the Settlement Agreement. As noted, Plaintiff suggests an order "compel[ling]" Defendant or its insurer to pay the amount owed per the Settlement Agreement. The Court declines to purport to compel the insurer to do anything, because the insurer is not even before the Court at this time. And it declines to purport to compel Defendant to pay the amount owed per the Settlement Agreement. An order to compel seems inappropriate, because the manner of enforcing such an order is by contempt proceedings, and the Court is loath to put at risk of contempt proceedings a party that claims (perhaps truthfully, for all the Court knows) that it lacks the funds to pay the funds the Court is compelling it to pay.[1]

An alternative manner of enforcement is to reduce to a final judgment the amount Defendant was required to pay under the Settlement Agreement. *See*

---

[1] It is not lost on the Court that it is possible that Defendant knew when it executed the Settlement Agreement that financial circumstances likely would preclude its ability to make the payments required thereunder—in which case it would seem that Defendant should not have entered into the Settlement Agreement in the first place.

*Reed v. Kim*, No. 3:18-CV-00819, 2020 WL 13517509, at *2 (M.D. Tenn. June 22, 2020) (Richardson, J.) (explaining basis for belief that entry of judgment is an appropriate form of relief upon the grant of a motion to enforce a settlement agreement). The Court deems this the optimal form of relief here; Plaintiff can seek to execute on this judgment just as any judgment creditor would; it is not limited to accepting Defendant's word that it simply cannot pay the amount owed (and thus going home empty-handed), but rather can use any and all tools that a judgment creditor has to see what assets Defendant has and to seek to use them to satisfy the judgment (or motivate defendant to itself satisfy the judgment).

The Motion is DENIED, however, as to the request for attorney's fees. The only basis Plaintiff offers for such an award is a cursory reference to the Court's purported authority to do so under "its supervisory power to regulate the conduct of attorneys and parties before it " (Doc. No. 34 at 3). Plaintiff has failed to adequately develop the argument that this authority actually does exist in the present circumstances and that the Court should actually exercise that authority under the present circumstances. Accordingly, even though the Court understands that Plaintiff should not have had to file (and pay for filing) the Motion, the request for attorney's fees is denied as unsupported.

CONCLUSION

The Motion (Doc. No. 33) is GRANTED IN PART AND DENIED IN PART, Specifically, the Motion is granted as to the request to enforcement to enforce Defendant's obligation per the Settlement Agreement to pay Plaintiff $12,000, and a written judgment in favor of Plaintiff for $12,000 will be entered separately. The Motion is denied, however, with respect to its request for attorney's fees.

The Clerk is directed, upon entry of the judgment to be entered, to enter judgment under Rule 59 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE